UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUV N' CARE, LTD,

                            Plaintiff,          Case No.: 1:19-cv-04328 (KPF)

       v.

ETG CAPITAL LLC,

and

MAGLAN DISTRESSED MASTER
FUND LP,

                            Defendants.
-----------------------------------------------------------X

## STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-

public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or otherwise designated as confidential in writing.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any party contends that production or disclosure requires a designation of "For Attorneys' or Experts' Eyes Only," and in such meet and confer should address both the reasons for the proposed designations and the limitations on further disclosure of such documents. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party as necessary to assist in this action and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in this action;

    c. Consultants or experts assisting in the prosecution or defense of this action, to the extent deemed necessary by counsel;

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    e. Court reporters and witnesses at deposition.

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this action and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as CONFIDENTIAL after disclosure. If so designated, the document or information shall thenceforth be treated as

3

Confidential Information subject to all the terms of this Stipulation and Order. No person or party will be deemed to have violated the terms of this Stipulation and Order for any disclosure that occurred prior to the designation of a document as "CONFIDENTIAL," but must take reasonable steps to inform the recipients of information later designated as "CONFIDENTIAL" of the belated designation and the accompanying restrictions imposed by this Stipulation and Order.

7. Pursuant to Federal Rule of Evidence 502, the inadvertent production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information ("Inadvertently Disclosed Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a claim of inadvertent disclosure is made by a producing party, the receiving party: (a) will, within seven (7) calendar days, return or destroy all copies of the Inadvertently Disclosed Information and certify that all such Inadvertently Disclosed Information has been returned or destroyed; and (b) must take reasonable steps to retrieve such information if the receiving party disclosed it before being notified by the producing party. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of

documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

9. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

10. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

11. If a subpoena is issued to any receiving party for Confidential Information, such party shall notify the producing party of such subpoena as soon as possible.

12. All deposition transcripts in this action shall be deemed CONFIDENTIAL for 21 days after receipt by the deposed party of such transcript, in order

to provide such party an opportunity to designate any part(s) of the deposition transcript as CONFIDENTIAL.

SO STIPULATED AND AGREED:

Dated: December __, 2019

| THE ESSES LAW GROUP, LLC | LAW FIRM OF RUSSELL R. JOHNSON III, PLC |
|---|---|
| By *[signature]* | By *[signature]* |
| Leo L. Esses | Russell R. Johnson III |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |
| 845 Third Avenue, 6th Floor | 2258 Wheatlands Drive |
| New York, New York 10022 | Manakin-Sabot, VA 23103 |
| (212) 673-3160 | (804) 749-8861 |

SO ORDERED:

*[signature]*
_____
KATHERINE POLK FAILLA, U.S.D.J.

Dated: December 18, 2019
New York, New York

6

# AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Luv n' care, Ltd. v. ETG Capital LLC*, et al., Case No. 19 Civ 4328 (KPF) (United States District Court for the Southern District of New York) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)